Mr. Barry Emigh 1104 Seventh Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2000-326, -314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME TRUST FUND USING THE FOOD TAX FOR PAYMENT OF CANVASSERS, SPONSOR, SCHOLARSHIPS, TEACHER PAY AND TEACHER'S RETIREMENT FUND BEFORE ABOLISHING SAID TAX
 BALLOT TITLE AMENDMENT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSIONS AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS IN THE INITIATED PUBLIC EDUCATIONAL TRUST FUND, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002, AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH FUNDS IN THE TRUST FUND; CREATING THE" INITIATED PUBLIC EDUCATIONAL TRUST FUND" SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE DEPARTMENT OF HIGHER EDUCATION; AMENDING A.C.A. SECTION 19-4-803 TO EXEMPT THE "INITIATED PUBLIC EDUCATIONAL TRUST FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE THE INITIATED PUBLIC EDUCATIONAL TRUST FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO MANAGE AND INVEST THE INITIATED PUBLIC EDUCATIONAL TRUST FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. SECTIONS 24-3-408, -414, -415, -417 TO -425 AND A.C.A. SECTION 19-3-518; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE INITIATED PUBLIC EDUCATIONAL TRUST FUND, AND AUTHORIZING THE DEPARTMENT OF HIGHER EDUCATION TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 40% OF THE AMOUNT OF DEPOSIT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND PREVIOUS TO THE FIRST TUESDAY OF JUNE, 2003, TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE REGULAR GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING A PAYMENT FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS A VALID SIGNATURE BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT TO BE PAID TO THE CANVASSERS OF THIS AMENDMENT WITHIN 20 WORKING DAYS FROM THE FIRST TUESDAY OF JUNE, 2003, WITHOUT THE REQUIREMENT OF AN APPROPRIATION BY THE GENERAL ASSEMBLY; PROVIDING NO PAYMENT SHALL BE MADE FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BY THE DEPARTMENT OF HIGHER EDUCATION TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION AS A PETITIONER WITH THEIR SIGNATURE AS A CANVASSER; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 10% OF THE DEPOSIT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND PREVIOUS TO THE FIRST TUESDAY OF JUNE, 2003, TO BE PAID TO THE SPONSOR OF THIS AMENDMENT WITHIN 20 WORKING DAYS FROM THE FIRST TUESDAY OF JUNE, 2003, WITHOUT THE REQUIREMENT OF AN APPROPRIATION BY THE GENERAL ASSEMBLY; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 30% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND FOR THE FULL TUITION PAYMENTS OF QUALIFIED PERSONS DIRECTLY TO ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE WITHIN THE STATE AND AUTHORIZING THE DEPARTMENT OF HIGHER EDUCATION TO PROVIDE A MEANS TO DISTRIBUTE THE FUNDS FOR TUITION PAYMENTS OVER A 12 MONTH PERIOD OF TIME FOR ANY NUMBER OF CLASS SESSIONS WITHOUT THE REQUIREMENT OF AN APPROPRIATION BY THE GENERAL ASSEMBLY; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 18% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO BE DIVIDED BY THE TOTAL NUMBER OF ALL TEACHERS EMPLOYED BY ANY PUBLICLY FUNDED INSTITUTE OF EDUCATION WITHIN THE STATE WITH EACH TEACHER HAVING BEEN EMPLOYED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR BY A PUBLICLY FUNDED INSTITUTE OF EDUCATION RECEIVING AN EQUAL PAYMENT WITHIN 20 WORKING DAYS FROM THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR WITHOUT THE REQUIREMENT OF AN APPROPRIATION BY THE GENERAL ASSEMBLY; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 2% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO THE TEACHER'S RETIREMENT FUND WITHIN 20 WORKING DAYS FROM THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR WITHOUT THE REQUIREMENT OF AN APPROPRIATION BY THE GENERAL ASSEMBLY; REQUIRING THE STATE BOARD OF FINANCE TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION TO THE DEPARTMENT OF HIGHER EDUCATION FOR QULAIFIED [SIC] PERSONS TO RECEIVE TUITION PAYMENT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND WITH SUCH PAYMENTS BEING MADE IN A TIMELY MANNER DIRECTLY TO THE UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO THE DEPARTMENT OF HIGHER EDUCATION TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN UNIVERISITY [SIC], COLLEGE OR COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR OR THE JOINT TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR FOR A MARRIED COUPLE; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE THE FULL TUITION PAYMENT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND DIRECTLY TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE, FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF THE FULL TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR'S GROSS EARNED INCOME OR THE JOINT PREVIOUS YEAR'S GROSS EARNED INCOME FOR A MARRIED COUPLE; PROVIDING NO PAYMENT SHALL BE MADE TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR ANY PERSON TO RETAKE A FAILED CLASS; PROVIDING ANY PAYMENT MADE FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BY THE DEPARTMENT OF HIGHER EDUCATION TO ANY TEACHER, CANVASSER AND SPONSOR OF THIS AMENDMENT SHALL BE EXEMPT FROM THE STATE INCOME TAX; REQUIRING RE-DEPOSIT OF INVESTMENT EARNINGS IN THE INITIATED PUBLIC EDUCATIONAL TRUST FUND NOT USED FOR THE PURPOSES HEREIN STATED; EXEMPTING FOOD ITEMS, AS DEFINED HEREIN, ON THE FIRST TUESDAY OF JUNE, 2032, AND THEREAFTER FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT"; PROVIDING THIS AMENDMENT SHALL NOT INCLUDE ANY ITEMS EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" AFTER APPROVAL OF THIS AMENDMENT; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
I regret that I must again reject your proposed popular name and ballot title. Although your proposed measure establishes an adequate framework for the goals that you are attempting to accomplish, it nevertheless fails to provide the type of clarity in various details of both its form and substance that would be necessary in order for me to be able to summarize the measure adequately in a popular name and ballot title. This lack of clarity has been the problem with your previous submissions.See, e.g., Ops. Att'y Gen. Nos. 2000-326, -314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120. Examples of the aspects of the measure that I find troubling include ambiguity in the mechanism for controlling the fund that is created by the measure, as well as ambiguity in the division of authority as between the Department of Finance and Administration and the Department of Higher Education for controlling it; ambiguity in the manner by which the fund is to be accounted for or audited; ambiguity in the guidelines for expenditure of the fund; undefined terms, such as "authorized," "principal amount of deposit," and "investment earnings"; and ambiguity in the operation of the exceptions to the measure. Problems of this nature, in addition to simple grammatical and syntactical problems, have persisted throughout all your submissions. It is beyond the scope of the Attorney General's authority to assist you correcting these problems, and it would be inappropriate for me to do so. I must therefore reject your proposed popular name and ballot title. If you are aggrieved at my action in this regard, you have the right, by petition, to apply to the Arkansas Supreme Court for proper relief. See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General